# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: February 4, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| DEBORAH LANGER, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 17-984V |
| | * | Special Master Gowen |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

John R. Howie, Jr., Howie Law, PC, Dallas, TX, for Petitioner.
Althea W. Davis, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On November 15, 2021, Deborah Langer ("Petitioner") filed a motion for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 71). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$72,055.13**.

I.   **Procedural History**

On July 21, 2017, Petitioner filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that she suffered a shoulder injury related to vaccine administration as a result of receiving an influenza vaccination on September 1, 2015. *See* Petition (ECF No. 1). On November 9, 2021, the parties filed a stipulation, which I adopted as my Decision awarding

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

compensation on November 10, 2021. (ECF No. 67).

On November 15, 2021, Petitioner filed a motion for final attorneys' fees and costs. Petitioner requests compensation for her attorneys in the total amount of $72,055.13, representing $64,415.90 in attorneys' fees and $7,639.23 in costs. Fees App. at 1. Pursuant to General Order No. 9, Petitioner warrants she has not personally incurred any costs in pursuit of his claim. *Id.* Ex. 4. Respondent reacted to the fees motion on November 29, 2021, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 72). Petitioner filed a reply on November 29, 2021, reiterating her belief that the requested attorneys' fees and costs are reasonable. (ECF No. 73).

The matter is now ripe for adjudication.

II.   **Analysis**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

   a. **Attorneys' Fees**

Petitioner requests the following rates for her counsel: for Mr. John Howie, $350.00 per hour for work performed in 2016, $363.00 per hour for work performed in 2017, $383.00 per hour for work performed in 2018; $420.00 per hour for work performed in 2020, and $441.00 per hour for work performed in 2021; and for Ms. Zara Najam, $225.00 per hour for work performed in 2016 and $233.00 per hour for work performed in 2017. These hourly rates are consistent with what Mr. Howie has previously been awarded for his Vaccine Program work, and I find them to be reasonable herein for work performed in the instant case.

Turning next to the hours billed, I find that the overall hours spent on this matter appear to be reasonable. The entries reasonably and accurately describe the work performed and the length of time it took to perform each task. Respondent also has not identified any particular billing entries as being objectionable or unreasonable. Therefore, the hours requested are compensated without adjustment. Petitioner is awarded final attorneys' fees of $64,415.90.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $7,639.23. This amount is comprised of acquiring medical records, postage, the Court's filing fee, and work performed by Petitioner's medical expert, Dr. Umasuthan Srikumaran. Fees App. Ex. 3. Petitioner has provided adequate documentation supporting all of the requested costs, and all appear reasonable in my experience.[3] Petitioner is therefore entitled to the full amount of costs sought.

### III. Conclusion

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| Attorneys' Fees Requested | $64,415.90 |
|---|---|
| (Reduction of Fees) | - |
| **Total Attorneys' Fees Awarded** | **$64,415.90** |
|  |  |
| Attorneys' Costs Requested | $7,639.23 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$7,639.23** |
|  |  |
| **Total Attorneys' Fees and Costs** | **$72,055.13** |

**Accordingly, I award the following a lump sum in the amount of $72,055.13, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and her attorney, Mr. John Howie, Jr.[4]**

---

[3] Dr. Srikumaran billed a total of 12.5 hours at an hourly rate of $1,000.00 per hour. I find the hours billed reasonable for the work performed. However, a rate of $1,000 an hour is considerably higher than has been paid to date for experts in this program even though most experts in vaccine cases are extremely well qualified often in complex fields of medicine. Currently, the Special Masters are evaluating raising rates for well qualified experts and I will be looking to review evidence supporting appropriate rates for experts for an opinion to address this issue. Nevertheless, it is unlikely that rates would be raised to the $1000 an hour level barring persuasive evidence in support of such rates. Petitioner's counsel, cognizant that such a billing rate is substantially higher than what is typically allowed in the Vaccine Program, notes that he is "voluntarily exercising sound billing judgment by voluntarily reducing the amount requested for reimbursement of Dr. Srikumaran's services by 50% which effectively reduces [his] hourly rate to $500.00 per hour . . . which is well-supported by Dr. Srikumaran's qualifications and extensive education, training, and experience in the specific area of shoulder orthopedics." Mr. Howie's exercise of billing judgment at this time is appreciated by the Court so that the issue of appropriate rates going forward can be briefed and addressed in a future opinion. Fees App. at 11. At this reduced hourly rate, I find that the amount requested for Dr. Srikumaran's work is reasonable and shall fully reimburse it.

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3)

      In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

                                        **/s/Thomas L. Gowen**
                                        Thomas L. Gowen
                                        Special Master

---

prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).